JS - 6   **LINK: 22**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-01553 GAF (SHx) | | Date | March 27, 2013 |
|---|---|---|---|---|
| Title | Grant Chorliyan v. Experian Information Solutions Inc et al | | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**          **(In Chambers)**

### <u>ORDER DISMISSING CASE</u>

Plaintiff Grant Chorliyan ("Plaintiff") filed suit in February 2011 against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Inc. ("Equifax"), and Transunion LLC ("Transunion") alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.2 et seq. (Docket No. 3 [Complaint ("Compl.") ¶¶ 28–31.) Since that time, Plaintiff has failed to produce the required Rule 26 initial disclosures and discovery responses, despite Judge Hillman's January 29, 2013 Order granting Transunion's motion to compel discovery responses and imposing a $1,000 sanction on Plaintiff. (Docket No. 21 [1/29/13 Order].) Transunion now moves to dismiss on the grounds that Plaintiff has failed to comply with Judge Hillman's January 29 Order. (Docket No. 22.)

        In addition to failing to comply with Judge Hillman's Order, Plaintiff has failed to file any opposition to Transunion's Motion to Dismiss. In fact, Plaintiff has taken no action in this case whatsoever since filing the Joint Rule 26(f) Report in September 2012. (Docket No. 15.) Accordingly, prior to ruling on the motion to dismiss, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of prosecution. (Docket No. 25 [3/15/13 Order].) Plaintiff's response was due by close of business on Monday, March 25, 2013. (Id.) The Order explicitly warned Plaintiff that "[f]ailure to respond w[ould] be deemed consent to the dismissal of the action." (Id.); see also Link v. Wabash R. Co., 370 U.S. 626, 631 (1962) ("The authority of a court to dismiss <u>sua sponte</u> for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

JS - 6     **LINK: 22**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01553 GAF (SHx) | Date | March 27, 2013 |
|---|---|---|---|
| Title | Grant Chorliyan v. Experian Information Solutions Inc et al | | |

cases.")

      Plaintiff never responded to the Court's March 15 Order and the Court is therefore left with no choice but to dismiss the action.  Accordingly, Plaintiff's claims are **DISMISSED**. Defendant Transunion's Motion to Dismiss is **DENIED as moot** and the hearing on this matter currently scheduled for April 1, 2013 is **VACATED**.

      **IT IS SO ORDERED.**